UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Norman E. Seegert,

                    Plaintiff,         **MEMORANDUM OPINION
                                              AND ORDER**
vs.                                           Civil No. 09-699 ADM/RLE

Monson Trucking, Inc., a Minnesota
Corporation,

                    Defendant.

_____

Steven Andrew Smith, Esq. and Megan I. Brennan, Esq., Nichols Kaster, PLLP, Minneapolis, MN, appeared for and on behalf of the Plaintiff.

David J. Duddleston, Esq. and Sara G. Sidwell, Esq., Jackson Lewis LLP, Minneapolis, MN appeared for and on behalf of the Defendant.
_____

## I. INTRODUCTION

On August 11, 2009, the undersigned United States District Judge heard oral argument on Plaintiff Norman E. Seegert's ("Seegert") Motion for Preliminary Injunction [Docket No. 24]. Seegert seeks to protect a potential judgment on his claims under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, the Minnesota Human Rights Act ("MHRA"), Minn. Stat. §§ 363A.01-41, and promissory estoppel, fearing that Defendant Monson Trucking, Inc. ("Monson") will be unable to satisfy a future judgment, should one be entered, because it is liquidating and winding down its business operations. For the reasons set forth below, Seegert's Motion is denied.

## II. BACKGROUND

Seegert commenced this action is Minnesota State Court in March of 2009. Notice of

Removal [Docket No. 1], Attach. 1 (Compl.). Monson is a Minnesota corporation with multiple work sites around the state. Brennan Aff. [Docket No. 26] Ex. 1. Seegert was hired by Monson in July 2007 as a full-time driver. Am. Compl. [Docket No. 19] ¶ 7. Except for a period of approximately one month, Seegert remained in that position from July 2007 until January 2009. Id. ¶¶ 7-16. On January 28, 2009, Seegert enrolled in an in-patient alcohol treatment program and was terminated the following day for being unavailable for work. Id. ¶¶ 13, 16. Seegert alleges that he contacted Monson about his treatment stay, sought assurances that his treatment entitled him to leave under FMLA, and was told that he would not be fired as a result of entering the program. Id. ¶¶ 14, 15. In his Amended Complaint, Seegert seeks damages in excess of $75,000 for loss of past and future income and other damages for the FMLA violation; damages in excess of $75,000 for loss of past and future income, mental anguish, emotional distress, and other damages for the MHRA violation; damages in excess of $75,000 for loss of past and future income, mental anguish, emotional distress, and other damages under a theory of promissory estoppel; and damages in excess of $75,000 for loss of past and future income, mental anguish, emotional distress, and other damages for the ADA violation. Id. ¶¶ 29, 35, 40, 46, 50, 55, 61.

In early July 2009, Monson announced that it would be shutting down operations on August 31, 2009. Brennan Aff. Ex. 6. It plans to liquidate its equipment in auctions at its Mauston and Duluth locations in September. Id. Ex. 7. Seegert filed this Motion for Preliminary Injunction on July 23, 2009, requesting that the Court freeze Monson's accounts to the extent necessary to satisfy a potential judgment in what counsel characterizes as a "cut-and-dry Family Medical Leave Act interference and retaliation claim. . . ." Seegert's Mem. in Supp. of Prelim. Inj. [Docket No. 25] at 1.

## III. DISCUSSION

The Eighth Circuit held in <u>Dataphase Systems, Inc. v. C L Systems, Inc.</u> that a district court deciding a motion for a preliminary injunction must balance four factors: (1) the likelihood of the movant's success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between the harm to the movant and the harm that the relief would cause to the other litigants; and (4) the public interest. 640 F.2d 109, 114 (8th Cir. 1981) (en banc). "A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant." <u>Watkins Inc. v. Lewis</u>, 346 F.3d 841, 844 (8th Cir. 2003) (citation omitted).

Regardless of the strength of Seegert's FMLA claim, he is not entitled to an injunction. "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." <u>General Motors Corp. v. Harry Brown's, LLC</u>, 563 F.3d 312, 319 (8th Cir. 2009). In <u>Grupo Mexicana de Desarrolla v. Alliance Bond Fund, Inc.</u>, 527 U.S. 308 (1999), the Court considered whether a court's equitable powers allowed it to issue an injunction when a party solely requests monetary relief. The Court held that a district court has "no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondents' contract claim for money damages." <u>Id.</u> at 333. After examining Seegert's Complaint, the Court concludes that he seeks only monetary, that is, legal, relief for the alleged violations of FMLA, ADA, MHRA, and promissory estoppel, and, thus, his motion should be denied.

The cases Seegert cites in support of his motion do not suggest otherwise. In <u>Slidell, Inc. v. Millennium Inorganic Chemicals, Inc.</u>, No. 02-213, 2002 WL 649086, at *3 (D. Minn. Apr.

3

17, 2002), Judge Tunheim found Grupo Mexicana distinguishable on the ground that the plaintiff in Slidell sought "equitable relief in the form of a constructive trust, equitable lien, specific performance and/or replevin." No such similar relief is requested here. Airlines Reporting Corp. v. Barry, 825 F.2d 1220 (8th Cir. 1987), is also distinguishable. In Airline Reporting, the court issued an injunction despite the fact that the plaintiffs sought only monetary relief because there was a concern the plaintiffs would be unable to recover in the action given the defendants' criminal records, use of aliases, and the general nature of the fraud underlying the action. Id. at 1226-27. There have been no allegations of fraud in this case. Finally, Seegert cites Judge Rosenbaum's decision in In re UnitedHealth Group Inc. Shareholder Derivative Litigation, Nos. 06-1216, 06-1691, 2007 WL 4571127, at *2 (D. Minn. Dec. 26, 2007), in which plaintiffs received an injunction freezing assets in a case involving a stock backdating action involving damages in excess of $1 billion. The extraordinary circumstances involved in a $1 billion class action are not found in Seegert's claim.

Finally, Seegert asserts that he has requested equitable relief in the form of a claim for promissory estoppel, front pay, and a civil penalty. Plaintiff's Reply Mem. [Docket No. 31] at 3. While it is true that these remedies have been labeled equitable by some courts, see Fox v. T-H Continental Ltd. Partnership, 78 F.3d 409, 413 (8th Cir. 1996), in this case, the requested relief seeks only monetary damages. Whatever label is placed on the claim, the nature of the relief is one readily available at law. Grupo Mexicana cautions against the unbounded extension of a court's authority to issue an injunction to protect a monetary judgment. 527 U.S. at 332. Given the nature of Seegert's promissory estoppel claim as seeking a legal remedy, the Court declines to issue an injunction to protect such a judgment barring extraordinary circumstances not

4

evidenced here.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Norman E. Seegert's Motion for Preliminary Injunction [Docket No. 24] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 18, 2009.